UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANELTA HENDERSON,

                          Plaintiff,

v.                                                                    Case No. 15-CV-2217-JAR-TJJ

KANSAS CITY U.S.D. #500,

                          Defendant.

**REPORT AND RECOMMENDATION**

**NOTICE**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**REPORT AND PROPOSED FINDINGS**

Plaintiff commenced this action *pro se* on January 11, 2015 by filing a Complaint (ECF No. 1) alleging employment discrimination and retaliation claims against Kansas City U.S.D. #500.[1] This action stems from an incident that took place in April 2012 at Wyandotte High School where Plaintiff complained about "discriminatory subject matter" in an art classroom.[2] This matter comes before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3).

---

[1] Compl. at 1, ECF No. 1.

[2] *Id.* at 7–8.

1

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.

Based on the information contained in her Affidavit of Financial Status (ECF No. 3), Plaintiff has not shown a financial inability to pay the required filing fee. Plaintiff is currently employed and claims $1,800 in monthly income.[3] Plaintiff claims total monthly expenses of $1,022.35.[4] Because Plaintiff's monthly income exceeds her monthly expenses, the Court finds that Plaintiff has sufficient financial resources to pay the filing fee.

The Tenth Circuit in *Lister v. Department of the Treasury* has held that magistrate judges have no authority to enter an order denying a motion to proceed without prepayment of fees because such ruling is considered dispositive. Under Fed. R. Civ. P. 72(b), a magistrate judge can only issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding Plaintiff's motion.

## RECOMMENDATION

Based upon the above findings, it is hereby recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be denied. Plaintiff should be ordered to prepay the full filing fee of $400 within 30 days in order for this action to proceed and cautioned

---

[3] Aff. Fin. Stat. at 2, ECF No. 3.

[4] *Id.* at 4–5 (calculated by totaling car payment and other monthly expenses).

3

that failure to pay the filing fee by that time will result in the dismissal of this action without prejudice.

Respectfully submitted.

Dated in Kansas City, Kansas this 30th day of January, 2015.

s/ Teresa J. James  
Teresa J. James  
United States Magistrate Judge