**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JANELTA HENDERSON,

     **Plaintiff,**

     **v.**

KANSAS CITY U.S.D. #500,

     **Defendant.**

Case No. 15-2217-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* lawsuit against her former employer, Defendant Unified

School District No. 500, Wyandotte County, Kansas ("USD 500"), asserting claims under Title

VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Age Discrimination

in Employment Act of 1967, as amended, 28 U.S.C. §§ 621, *et seq.* ("ADEA").  Plaintiff alleges

discrimination on the basis of her race (African American), gender (female), and age (50), and

retaliation after she complained of discriminatory acts.  This matter is before the Court on

Defendant's Motion to Dismiss (Doc. 14).  For the reasons explained in detail below, the Court

grants Defendant's motion.

I.     **Background**

The following facts are alleged in the Complaint and construed in the light most

favorable to Plaintiff.  Between 2008 and 2013, Plaintiff was employed by USD 500 as a

paraprofessional.  Plaintiff claims she was harassed by her supervisor in May 2010, when she

told Plaintiff she was upset that Plaintiff's job had been saved.  In September 2011, Plaintiff was

hired as a tutor at Douglass Elementary school and Wyandotte High School at a rate of $20.72

per hour, but was laid off due to lack of student involvement.  Plaintiff also worked extra duty at

sporting events at a rate of $20.72 per hour.

In April 2012, students in an art class at Wyandotte High came to Plaintiff to complain about the subject matter of one of the poems they had to draw and write about.  The poem, "Strange Fruit," was about Black people hanging from trees.  Plaintiff was offended by the drawings and the poem and complained to administration about the assignment.  Plaintiff alleges she was harassed by another teacher who put up a racist sign and yelled at her.  Plaintiff met with the art teacher and administration and was told that students learn from being offended and that there might be fall out from Plaintiff's complaint.  In May 2012, Plaintiff requested a transfer and reported the harassment, but was told "we don't do transfers."  Plaintiff then complained about the art class to Human Resources and was removed from the art teacher's class, along with the student who complained.  The art teacher then put a black monkey on Plaintiff's desk.

In May 2013, Plaintiff was offered a temporary position as a tutor at a pay rate of $16.00 per hour.  Plaintiff claims that Defendant then hired two white female teachers for the tutoring job and paid them $20.72 per hour.  All other paraprofessionals offered the tutor job were over forty years old.  Plaintiff did not accept the tutoring position.

On or about July 15, 2013, Plaintiff voluntarily resigned her employment as a paraprofessional to care for an ill family member.  During her exit interview, Plaintiff complained that she had been discriminated against because the two white female teachers were paid $20.72 per hour for the tutor work when she was only offered $16.00 for the work.

Plaintiff alleges that between July and September 2013, she applied for fourteen positions with USD 500, and was only offered the job of substitute teacher.  In November 2013, Plaintiff was discharged from her employment after an incident occurred with students in her classroom.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 16, 2014, alleging discrimination on the basis of her

race, sex, and age, and for retaliation.  The EEOC issued its Dismissal and Notice of Rights on

November 24, 2014.  Plaintiff filed her Complaint before this Court on January 11, 2015.

## II.   Discussion

### A.  Administrative Exhaustion

Plaintiff brings her claims under Title VII and the ADEA, which both require exhaustion

of administrative remedies.[1]  In the Tenth Circuit, failure to exhaust administrative remedies is a

jurisdictional bar to filing suit in federal court.[2]  Because exhaustion of administrative remedies

is a jurisdictional requirement, the plaintiff bears the burden of showing exhaustion.[3]  To exhaust

administrative remedies, a plaintiff must file a charge of discrimination with either the EEOC or

an authorized local agency and receive a right-to-sue letter based on that charge.[4]  Where the

alleged conduct involves discrete acts, a "plaintiff [must] exhaust administrative remedies for

each individual discriminatory or retaliatory act."[5]  "Discrete acts such as termination, failure to

promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of

discrimination and each retaliatory adverse employment decision constitutes a separate

actionable 'unlawful employment practice.'"[6]

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or

constitutional basis to exercise jurisdiction.[7]  A court lacking jurisdiction must dismiss the case,

---

[1]*Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

[2]*Id.*; *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 665 (D. Kan. 2014).

[3]*McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

[4]*Mackley*, 296 F.R.D. at 665.

[5]*Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).

[6]*Morgan*, 536 U.S. at 114.

[7]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[8] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[9] "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[10] Mere conclusory allegations of jurisdiction are not enough.[11]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[12] "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[13]

Here, Defendant raises a factual challenge to the Court's subject matter jurisdiction and submits exhibits in support of its contention that subject matter jurisdiction is lacking: the January 2014 Charge, as well as the 2014 right to sue letter.[14] The Court considers these documents in addition to the facts alleged in the Complaint in deciding the motion.

[8]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[9]*Montoya*, 296 F.3d at 955.

[10]*Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[11]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[12]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

[13]*Holt*, 46 F.3d at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325; *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[14]Doc. 15, Exs. A, B.

In her EEOC Charge, Plaintiff indicated by checking certain boxes on the form that she was alleging discrimination against USD 500 based on her race, age, and retaliation.  Plaintiff states in the narrative of the EEOC Charge that: (1) while she was working as a paraprofessional for Defendant in May 2013, she was offered a position as a tutor, which she declined, at a salary less than that paid for a certified teacher; (2) she resigned her position as a paraprofessional on July 15, 2013, and during her exit interview, complained about the discrepancy between what USD 500 paid teachers and paraprofessionals for tutoring as alleged race discrimination; (3) she applied for fourteen jobs with Defendant on July 23, 2013, and was only hired for one job as a substitute teacher, which she appears to attribute to alleged age discrimination based on her statement that "[t]he other paras offered the job were all over 40 years old"; and (4) she was discharged by Defendant on November 5, 2013.[15]  The Court agrees with Defendant that these four claims based on alleged actions by USD 500 on or around May 2013, July 15, 2013, July 23, 2013, and November 5, 2013, are the only potential claims where Plaintiff has exhausted her administrative remedies.  No other claims are properly before this Court and, to the extent Plaintiff is attempting to pursue claims premised on other events set forth in her Complaint that were not included in her EEOC Charge, the same are dismissed.[16]

## B.  Failure to State a Claim

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level"

---

[15]Doc. 15, Ex. A.

[16]By contrast, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to a suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).  A plaintiff's allegation is timely if she files her EEOC charge within 300 days of the alleged unlawful employment practice, in this case after March 22, 2013.  *Semsroth v. City of Wichita*, 304 F. App'x 707, 714 (10th Cir. 2008).  Accordingly, to the extent Plaintiff premises any of her claims on events that occurred prior to March 22, 2013, those claims are also untimely.

and must contain "enough facts to state a claim to relief that is plausible on its face."[17]  Under

this standard, "the complaint must give the court a reason to believe that *this* plaintiff has a

reasonable likelihood of mustering factual support for *these* claims."[18]  The plausibility standard

does not require a showing of probability that "a defendant has acted unlawfully,"[19] but requires

more than "a sheer possibility."[20]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[21]seeks a middle

ground between heightened fact pleading and "allowing complaints that are no more than 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court

stated  'will not do.'"[22]  *Twombly* does not change other principles, such as that a court must

accept all factual allegations as true and may not dismiss on the ground that it appears unlikely

the allegations can be proven.[23]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of

a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but]

we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[24]  Thus,

the court must first determine if the allegations are factual and entitled to an assumption of truth,

or merely legal conclusions that are not entitled to an assumption of truth.[25]  Second, the court

must determine whether the factual allegations, when assumed true, "plausibly give rise to an

---

[17]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[18]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[19]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[20]*Id.*

[21]550 U.S. 544 (2007).

[22]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[23]*Id.* (citing *Twombly,* 550 U.S. at 556).

[24]*Iqbal*, 556 U.S. at 678.

[25]*Id.* at 678–79.

entitlement to relief."[26]  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."[27]

Finally, because Plaintiff proceeds *pro se*, the Court must construe her pleadings liberally

and apply a less stringent standard than that which is applicable to attorneys.[28]  However, the

court may not provide additional factual allegations "to round out a plaintiff's complaint or

construct a legal theory on a plaintiff's behalf."[29]  Additionally, a *pro se* litigant is not excused

from complying with the rules of the court and is subject to the consequences of

noncompliance.[30]

### 1.  Discrimination Under Title VII and the ADEA

In employment discrimination cases, the plaintiff is not required to plead a prima facie

claim of discrimination to survive a motion to dismiss.[31]  Though not required, "the elements of

each alleged cause of action help to determine whether plaintiff has set forth a plausible claim."[32]

As it is not clear from Plaintiff's Complaint whether she brings her claims under Title VII or the

ADEA, the Court will analyze both standards.  To state a claim for race discrimination claim

under Title VII, a plaintiff must allege "(1) membership in a protected class, (2) adverse

---

[26]*Id.* at 679

[27]*Id.* at 678.

[28]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[29]*Id.*

[30]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[31]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

[32]*Khalik*, 671 F.3d at 1192 (citing *Swierkiewicz*, 534 U.S. at 515; *Twombly*, 550 U.S. at 570).

employment action, and (3) disparate treatment among similarly situated employees."[33]

Similarly, to state a claim for age discrimination, a plaintiff must allege that she (1) is over 40

years old and, therefore, a member of the ADEA's protected class, (2) suffered an adverse

employment action, (3) was qualified for the position at issue, and (4) was treated less favorably

than others not in the protected class.[34]

Defendant argues that Plaintiff's exhausted claims fail because her alleged factual

allegations foreclose her claims as a matter of law.  The Court will discuss each alleged discrete

event of discrimination in turn.

### a.  May 2013 Tutoring Position

In her EEOC Charge and her Complaint, Plaintiff suggests that the pay differential

between what she was offered as a paraprofessional for the tutoring position and what certified

teachers were paid for tutoring constitutes discrimination.  Because all of the parties involved

were females over the age of 40, it appears that Plaintiff contends this pay-differential constitutes

race discrimination in violation of Title VII because the two teachers are white and she is African

American.  This claim fails, however, because Plaintiff has failed to allege that teachers and

paraprofessionals are similarly situated.  Plaintiff makes no allegation that she was offered a

different rate of pay for tutoring than that offered to other paraprofessionals who were not

African American.  Accordingly, Plaintiff fails to state a claim of discrimination on this event.

### b.  July 15, 2013 Resignation

In her EEOC Charge and Complaint, as well as her response to Defendant's Motion to

Dismiss, Plaintiff states that she voluntarily resigned her paraprofessional position to take care of

an ill family member.  Accordingly, the Court finds Plaintiff has not alleged a plausible claim of

---

[33]*Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005).

[34]*Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1279 (10th Cir. 2010) (citation omitted).

discriminatory conduct by Defendant and this discrete event cannot serve as a basis for a claim under Title VII or the ADEA.

### c.  July 23, 2013 Hiring as Substitute Teacher

Plaintiff claims that on July 23, 2013, she applied for "about 14 jobs," but was only hired as a certified substitute teacher.  Plaintiff states in her EEOC Charge that "[t]he other paras offered the job were all over 40 years old."  Accordingly, all applicants who were hired for the referenced positions, including Plaintiff, were in the class protected by the ADEA.  Plaintiff does not allege that other similarly situated individuals received positions that she desired and applied for, and her allegations fall short of alleging an adverse employment action sufficient to support a claim under either statute.

### d.  November 5, 2013 Discharge/Retaliation

Plaintiff's factual allegations related to her discharge on November 5, 2013 are found in the narrative titled "Nov. 1- RETALIATION" set forth in her Complaint.  Plaintiff states that during her half-day substitute teaching assignment at an elementary school on November 1, 2013, she had one student under her supervision have "a melt down" in the hallway, had ¾ of her class unable to participate in recess due to disciplinary reasons, had two students become involved in a fight, pulled a student out from under a desk, and required the principal to come down to her classroom to remind the students that Plaintiff was a substitute and that she did not put up with misbehaving students.

The elements of a prima facie claim of retaliation are: (1) the employee engaged in protected opposition to discrimination; (2) the employee suffered an adverse employment action during or after his protected opposition that a reasonable employee would have found materially adverse; and (3) a causal connection exists between the protected activity and the materially

adverse action.[35]  The Supreme Court has ruled that a Title VII plaintiff asserting a claim of

retaliation must show that his protected activity was the but-for cause of the alleged adverse

employment action.[36]

Plaintiff presents no factual allegations that connect her termination to any protected

activity under Title VII or the ADEA.  Plaintiff does not assert that the protected activity related

to her November 2013 termination is her complaint made during her exit interview in May.

Instead, she asserts in her Complaint that her retaliation claim is factually premised on her

complaints in April 2012 regarding the use of the poem "Strange Fruit" in connection with a

student's art project.  That event, however, occurred over a year prior when Plaintiff was

employed in a different capacity and assigned to a different school.  Indeed, there is no dispute

that Plaintiff voluntarily resigned from the paraprofessional position she held, and then was

rehired by USD 500 after the incident that she now suggests constitutes the protected activity

upon which she premises her claim.  The Court agrees with Defendant that there are simply no

facts alleged that support a causal connection between these remote instances.

Likewise, to the extent Plaintiff claims her termination was due to age, gender, or race

discrimination, she also fails to state a plausible claim.  By her own description, Plaintiff did not

maintain control of her elementary school classroom.  Her position in response to Defendant's

motion to dismiss that the class was hard to manage and that she thought there needed to be a

paraprofessional assigned, even if true, do not establish a basis for wrongful discharge under

Title VII or the ADEA.  Accordingly, Plaintiff's claims of retaliation and/or wrongful

termination based on her November 5, 2013 termination are dismissed.

---

[35]*Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1201–02 (10th Cir. 2008); *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006).

[36]*Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

### III.    Leave to Amend

 "[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[37]  Leave need not be granted if amendment would be futile.[38]  However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing some important element, the Court should allow him leave to amend.[39]  The Court notes that Plaintiff does not proceed *in forma pauperis* in this case.  The Court also finds that leave to amend would be futile.  Plaintiff cannot overcome her failure to exhaust many of the claims set out in her Complaint, which is a jurisdictional bar to this lawsuit.  Nor has Plaintiff alleged facts that come close to stating a plausible claim of discrimination or retaliation under Title VII  or the ADEA.  For all of these reasons, Plaintiff's claims must be dismissed in their entirety.[40]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 14) is GRANTED.

**IT IS SO ORDERED.**

Dated: <u>June 28, 2016</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[37]*Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[38]*See Gee v. Pacheco*, 627 F.3d 1178,  1195 (10th Cir. 2010); *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1389 (10th Cir.1980) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.").

[39]*Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[40]The Court does not reach Defendant's argument with respect to punitive damages.